(No. 2968—■)

THE TOM COLLINS CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 24, 1941.*

CLAIMANT, pro se.

GEORGE F. BARRETT, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The Tom Collins Corporation, now located at Covington, Kentucky, for its cause of action states that it was engaged in the manufacture and bottling of alcoholic and non-alcoholic beverages for resale; that said manufacturing and bottling were carried on at 411 North Paulina Street, Chicago, and that they manufactured the products known as "Tom Collins" and bottled the same for resale to licensed distributors

in Illinois and other states. That the annual fee for a rectifier under the Illinois Liquor Control Law is $2,500.00 and that the fiscal license period commences May 1st of each year.

A portion of the Federal law is set up and the claimant avers that it was engaged in the business of rectifying and bottling alcoholic and non-alcoholic beverages on the same premises and using the identical bottling units for their alcoholic and non-alcoholic products previous to the issuance of Regulation 15 of the Federal Treasury Department issued July 30, 1934.

This Federal rule prohibited this and on April 30, 1935 claimant was served with an ultimatum of the Internal Revenue Department to remove their rectifying operations from the premises known as 411 North Paulina Street, Chicago, Illinois, not later than July 31, 1935, and desiring to so operate their premises and to do so in compliance with the laws of Illinois, claimants communicated with the Illinois Liquor Control Commission and asked for a ruling as to whether or not the Commission would permit claimant to operate upon payment of the regular rectifier's fee, and a refund for any unused portion of the time upon claimant's cessation of business in Illinois, and the Illinois Liquor Commission approved of such practice, and claimant, in accordance with the recommendation of the Illinois Liquor Control Commission notified the Illinois Liquor Control Commission of their cessation of operation in Illinois on August 15, 1935, but the State Department of Finance refused to grant the refund for the reason that the refund did not fall within any of the provisions for which refund may be granted under the Illinois Liquor Control law, namely, death or insolvency of the licensee before the license period expired, and that the Illinois Liquor Control Commission had sought to obtain the refund for the claimant from the State Department of Finance, because of its original promise that a refund would be granted, and that no refund has as yet been granted, but notwithstanding this rule of the State Department of Finance, they ask that this court recognize the claim in the sum of $1,666.64. Later the amount of the claim was amended to that of $1,780.88.

The only power that the Illinois Liquor Control Commission had to make refunds was that of a recommendation, which they did make. When money is once paid to the State Treasurer, the only authorized legal power to pay such money

out would be by virtue of an Act of the Illinois Legislature, and that is discretionary with the Legislature

All licenses issued by the Department * * * shall be annual licenses and shall expire on April 30th following the issuance.

Sec. 3, Art. 5, Chap. 43, Dram Shop Act and Special Session Laws of 1933-1934, p. 67.

and the license fee is fixed at the sum of $2,500.00.

The Statute provides for the appointment of the Illinois Liquor Control Commission and enumerates its powers, but does not give the Commission the power to make refunds.

It seems to be well settled that ordinarily a licensee does not, on voluntary surrender of his license, become entitled to a return of the license fee in proportion to the unexpired term, in the absence of a statutory enactment to the contrary.

15 R. C. L. 15 Sec. 76.

As we view the facts in this case, the refusal of the State Finance Department to pay the sum requested was within their power and in accordance with law.

The motion of the Attorney General to dismiss will therefore be sustained.